UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAGGIE BUNDY,

                Plaintiff,

        v.

BROOME-TIOGA BOARD OF
COOPERATIVE EDUCATIONAL
SERVICES et al.,

                Defendants.
_____

3:19-cv-1112
(GLS/ML)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Ronald R. Benjamin<br>P.O. Box 607<br>126 Riverside Drive<br>Binghamton, NY 13902-0607 | RONALD R. BENJAMIN, ESQ. |
| **FOR THE DEFENDANTS:**<br>Office of Frank W. Miller<br>6575 Kirkville Road<br>East Syracuse, NY 13057 | FRANK W. MILLER, ESQ.<br>GIANCARLO FACCIPONTE,<br>ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Maggie Bundy brings this action against defendants Broome-

Tioga Board of Cooperative Educational Services (BOCES), Kelly

Sunderlin, Annette Varcoe, Ilene Monaco, and Robin Eccleston, alleging claims pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act (ADA),[1] and New York state law. (Compl., Dkt. No. 2.) Pending is defendants' motion to dismiss.[2] (Dkt. No. 4.) For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[3]

From 2012 to 2015, Bundy attended classes with BOCES, a municipal corporation which provides educational services to school districts, including programs for handicapped students. (Compl. ¶¶ 2, 8.) As a student, Bundy "was classified as other health impaired and had multiple disabilities including deficits in . . . short term memory [and] working memory, [and had] language delays and physical issues including a congenital heart condition." (*Id.* ¶ 9.)

In January 2018, Bundy was hired as a teacher's aide with BOCES.

---

[1] *See* 42 U.S.C. §§ 12101-213.

[2] Also pending is defendants' motion to withdraw a portion of their motion to dismiss asserting improper personal service of individual defendants under Fed. R. Civ. P. 4(m). (Dkt. No. 7.) Because all defendants were served, (Dkt. No. 10), the motion to withdraw is granted, and defendants' pending motion to dismiss is based on only Fed. R. Civ. P. 12(b)(6).

[3] The facts are drawn from plaintiff's complaint, (Dkt. No. 2), and presented in the light most favorable to her.

2

(*Id.* ¶ 11.) From January 2018 until May 2018, Bundy "satisfactorily fulfilled her employment responsibilities and was both happy and confident in carrying out her duties." (*Id.* ¶ 12.)

In the fall of 2018, two weeks after being assigned to one class, Bundy was transferred to work in special education teacher Sunderlin's class, which had eight students "who were emotionally [a]utistic and nonverbal." (*Id.* ¶¶ 3, 13, 14.) "[F]rom the day [Bundy] entered Sunderlin's class[,] she became the victim of hostile and discriminatory behavior that devastated her already fragile sense of personal self-worth and caused her numerous physical problems . . . ultimately resulting in her resignation." (*Id.* ¶ 15.) For instance, "she was shunned and ostracized by Sunderlin who never spoke with her, ignored her in the classroom as if she did not exist and sought to have her removed by frivolously writing her up [f]or alleged misconduct," (*id.* ¶ 16), and, "instead of speaking directly to [Bundy] with regard to [the] task to be performed, [Sunderlin] acted as if [Bundy] was not present and did not exist and told other aides to tell [Bundy] what to do," (*id.* ¶ 18). Further, although "it was customary for an aide to read the [Individualized Education Plan (IEP)] of the students with whom they would be working prior to" interacting with them, Sunderlin

3

"made facial gestures toward [Bundy] that were mean-spirited and . . . plac[ed Bundy] in such fear and trepidation that she did not even ask Sunderlin to read the IEP's of the students with whom she would be working."  (*Id.* ¶¶ 17, 19.)  "[T]his ostracism and discriminatory conduct continued on a day-to-day basis."  (*Id.* ¶ 20.)

Sunderlin's conduct was reported to Monaco, the school principal, but Monaco "took no steps to ameliorate the discriminatory conduct." (*Id.* ¶ 23.)  Similarly, Eccleston, the director of human resources at BOCES, "ignored the discriminatory conduct and ratified the same by requesting that [Bundy] sign a letter of resignation[,] which [Bundy] refused to do." (*Id.* ¶¶ 6, 25.)  Bundy's last day of work at BOCES was on October 30, 2018, and in March 2019, she "had to resign" because "she did not receive any support from [the] staff at BOCES."  (*Id.* ¶ 26.)

**B.    Procedural History**

Bundy commenced this action in New York State Supreme Court in Broome County.  (Compl.)  Defendants removed the action to this court on the basis of federal question jurisdiction, (Dkt. No. 1), and then moved to dismiss the complaint in its entirety, (Dkt. No. 4).

The complaint alleges three causes of action: (1) denial of equal

protection under 42 U.S.C. § 1983; (2) a violation of the ADA; and (3) a violation of New York Executive Law Section 196.[4]  (Compl.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

### A.  Equal Protection

Defendants argue that Bundy's § 1983 claim should be dismissed, because it is a disability discrimination claim premised on the substantive rights provided by the ADA, and thus there is no viable cause of action under § 1983, and, in any event, she fails to state a claim.  (Dkt. No. 4 at 1-10.)  In response, Bundy maintains that she has adequately set forth

---

[4] New York Executive Law Section 196 does not exist, and it is not the responsibility of the court, or defendants, to guess what a represented party intended.  *See Doe v. Selsky*, 663 F. Supp. 2d 213, 214 (W.D.N.Y. 2009) ("[T]he [c]ourt is mindful that even after *Twombly*, a document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks and citation omitted)).  In any event, the complaint is inadequate because it provides no factual allegations in support of this claim.  Accordingly, defendants' motion to dismiss Bundy's claim alleging a violation of New York Executive Law Section 196 is granted, and the claim is dismissed.

an equal protection claim, and that "the allegations that but for her handicapping conditions[,] she would not have been singled out, is precisely the type of conduct the [e]qual [p]rotection [c]lause prohibits." (Dkt. No. 8 at 9-11.)

"[F]reedom from discrimination on the basis of disability is a right secured by statute . . . [a]nd the law is in this Circuit is clear that '[a] § 1983 action may not . . . be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement.'" *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014) (quoting *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)). "Thus, where a claim of disability discrimination is premised on the substantive rights provided by the ADA, it will not be independently actionable under § 1983." *Prentice v. Port Auth. of N.Y. & N.J.*, No. 15-cv-738, 2017 WL 2271364, at *5 (E.D.N.Y. May 23, 2017) (citation omitted).

Here, separate and apart from her rights secured under the ADA, Bundy has not identified any other constitutional basis upon which a § 1983 claim might be predicated. Although the complaint contains vague references to conduct that is arguably distinct from that which supports her disability discrimination claim—specifically, that there were "at minimum 4

6

to 5 other aides that were employed to work with students one-on-one and were similarly situated as plaintiff," and "[t]hat all of the other aides were given student[s'] IEP[s] . . . , were spoken to in regular normal speech and were given instruction directly from Sunderlin, and were allowed to work with the students in a manner that allowed them to fulfill their responsibilities without being subjected to discriminatory treatment," (Compl. ¶¶ 30-31)—the complaint lacks any non-conclusory facts to support an independent constitutional violation actionable under § 1983. Bundy's argument that "but for her handicapping conditions[,] she would not have been singled out, [which] is precisely the type of conduct the [e]qual [p]rotection [c]lause prohibits," (Dkt. No. 8 at 10), further illustrates that her equal protection claim is based on the substantive rights provided by the ADA. *See Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 235-36 (E.D.N.Y. 2015) (noting that, "to the extent [the plaintiff]'s claim of disability discrimination in violation of the equal protection clause is premised upon substantive rights provided by the ADA, the claim is not actionable under Section 1983"). Accordingly, to the extent defendants seek dismissal of Bundy's Section 1983 claim based on disability discrimination in violation of the equal protection clause, their

7

motion is granted and the claim is dismissed.

**B.     ADA**

Defendants argue that Bundy's claim of disability discrimination in violation of the ADA should be dismissed because Bundy has failed to exhaust her administrative remedies, and because she has not pleaded individual liability.  (Dkt. No. 4 at 10-12.)  In response, Bundy admits that she has not exhausted her administrative remedies, but argues that an exception to the exhaustion requirement applies.  (Dkt. No. 8 at 11-12.)

Although the ADA clearly prohibits disability discrimination, a prospective plaintiff must file a discrimination charge naming the allegedly discriminating party with an authorized state agency or the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter before filing suit.  *See* 42 U.S.C. § 2000e-5(f)(1); *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000).  Exhaustion of administrative remedies through the EEOC is "an essential element" of an ADA claim and, "as such, a precondition to bringing such claims in federal court."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (citations omitted).  An exception to the exhaustion requirement exists where "claims not raised in an EEOC complaint may still be part of the

complaint later filed in federal court if they are reasonably related to [a] claim filed with the agency." *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (internal quotation marks and citation omitted). "A claim is reasonably related to the filed claim if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id.* (internal quotation marks and citation omitted).

Bundy admits that she has not exhausted her administrative remedies. (Dkt. No. 8 at 11.) To the extent Bundy argues that an exception exists—"when the plaintiff brings an action that was not asserted before the agency in a subsequent court action and the claims are 'reasonably related,' [and] [h]ere the claims are identical and give rise to separate causes of action," (*id.*)—this assertion is a misinterpretation of the law, and it is entirely unclear what Bundy is claiming to be "reasonably related," because Bundy has not filed any complaints with any agency, as required for any exception to apply. *See Littlejohn*, 795 F.3d at 322. Accordingly, defendants' motion seeking dismissal of Bundy's ADA claim is granted, and the claim is dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to withdraw certain portions of defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that Bundy's complaint (Dkt. No. 2) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 19, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge